## James K. Rawley v. Kate S. Murray.

1. PRACTICE—*Setting Aside Default and Granting New Trial.*—Where. an attorney was notified that a case was set for trial on the day previous to the trial, and it does not appear that he made any preparation for trial, that he had not time for that purpose, that he made reasonable application to the court for delay, or that he was unable to attend the trial, was the sole attorney for the defendant, and that there was not time to secure another, a motion to set aside a default and grant a new trial is properly overruled.

Covenant, on a warranty deed. Appeal from the Circuit Court of Christian County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

DRENNAN & HOGAN and J. H. YARNELL, attorneys for appellant.

J. C. McQUIGG, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This was an action of covenant on warranty deed brought by Kate S. Murray, since deceased, against the appellant.

Pleas were filed and the cause being at issue was called for trial, and the defendant not being. present, a jury was impaneled, the evidence of the plaintiff was heard, and nothing being offered on the part of the defendant, the court instructed the jury to find for the plaintiff. A verdict was rendered accordingly.

Afterward, the defendant moved for new trial upon several grounds, one of which was embodied in the affidavits of himself and his attorney. The affidavit of the defendant was to the effect that he had a meritorious defense and had employed counsel to represent him, and that the case was called in the absence of himself and his attorney, they never having received notice of the setting of the case for trial.

The affidavit of the attorney was to the effect that the

case was set for trial when he was not present, and without any agreement on his part; that the plaintiff's attorney had agreed not to have the case set without notice to the parties; that he received no notice of the setting until one day prior to the trial and had no opportunity to arrange for a resetting of the same; that he was sick and unable to be present in court on the day of trial, and that he sent a telegram to another attorney asking him to procure a resetting of the case, which telegram was read to the court but the court refused to reset the case and it proceeded to trial in the absence of the defendant and his attorney; that the defendant had a meritorious defense, and that the damages were excessive. There was also an affidavit by a physician that the attorney was at the time sick and unable to leave home.

It is not shown by these affidavits that proper diligence was exercised by the defendant or his attorney.

While the latter knew the case was set for trial one day in advance, it does not appear that he made any preparation for trial—that he had not time for that purpose—or that he made seasonable application to the court for delay. If he was sick and could not attend he might have caused the defendant to go, and, if necessary, procure another attorney. It does not appear that he was the sole attorney for defendant, and that there was not time to secure another. What he did was merely to send a telegram to another attorney, whether employed in the case not appearing, on the day of trial, asking him to obtain a resetting. While it is said this telegram was presented to the court it is not shown what it contained, nor that the court had any way of knowing what credence to give it.

We think there is no reason to say that the court erred in refusing to delay the trial, or to grant a new trial for the cause set forth in these affidavits.

It is urged the evidence does not support the verdict. A general warranty deed such as alleged in the declaration was produced, and it appeared that prior to its date one-half of the lot thereby conveyed had been appropriated by

a railroad company for its right of way, etc., under con-demnation proceedings, and that the plaintiff had thereby lost that part of the lot. The value of the property thus taken was proved. The evidence thus produced was suffi-cient to establish the plaintiff's case, and in the absence of proof to the contrary the verdict was necessarily for the plaintiff. The court properly so instructed the jury, which was the only instruction given.

The defendant, in support of the position that the verdict was excessive, offered the affidavit of two witnesses to the effect that the said half lot was worth considerably less than the amount of the verdict, and he so stated in his own affidavit already referred to. If we are correct in saying that he did not use proper diligence to be ready for trial or obtain a delay, then of course this point is not well made. Had he been duly vigilant he would have been able to pro-duce this testimony on the trial, and perhaps the plaintiff would have been able to meet it. The verdict is supported by the evidence before the jury. No error appears in the action of the court in refusing a new trial. The judgment will be affirmed.